IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHROME HEARTS LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 3491 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On April 21, 2015, Plaintiff Chrome Hearts LLC instituted the instant action against a litany of foreign online marketplace accounts, alleging that the Defendant Internet Stores infringed upon a number of Chrome Hearts' trademarks by selling counterfeit goods to consumers in the United States. Before the Court is Chunshan Zhang's Motion to Intervene pursuant to Federal Rule of Civil Procedure 24.[1] Zhang contends that his online account was improperly included in this action. For the reasons set forth below, the Court denies Zhang's Motion to Intervene. (Dkt. No. 44.) Chrome Hearts' Motion to Strike Zhang's reply brief (Dkt. No. 95) is dismissed as moot.[2]

## **BACKGROUND**

Chrome Hearts is an American luxury brand that designs and manufactures apparel, leather goods, jewelry, accessories, home goods, and furniture. (Dkt. No. 1 at 3.) Chrome Hearts is the owner of various trademarks comprising the Chrome Hearts mark and its other design

---

[1] Gang Zeng also filed a motion to intervene in this case. (Dkt. No. 46.) He withdrew his petition on September 8, 2015. (Dkt. No. 111.)
[2] Zhang also sought leave to file a motion to dismiss for lack of personal jurisdiction. (Dkt. No. 94.) Because the Court denies his motion to intervene, the motion to dismiss is moot.

components. (*Id*. at 4.) The Defendant Internet Stores are individuals or business entities residing in the People's Republic of China and conducting business throughout the United States. (*Id.* at 17.) In the instant action, Chrome Hearts contends that the Defendant Internet Stores sell and offer for sale counterfeit products featuring Chrome Hearts' registered trademarks. (*Id.* at 3.)

On April 27, 2015 the Court exercised jurisdiction over the Defendant Internet Stores and granted Chrome Hearts' Temporary Restraining Order ("TRO"). (Dkt. No. 26.) The TRO ordered PayPal, Inc. to restrain and enjoin any accounts or funds connected with the Defendant Internet Stores. (*Id*.) Relevant to the instant proceedings, PayPal identified the account "greenapple-pie@hotmail.com" as Defendant Tinachen Fashion Store's PayPal account and froze $7,755.08 in the account. (Dkt. No. 45 at 2.) "Greenapple-pie@hotmail.com" is an e-mail account allegedly owned by Zhang and is linked to his PayPal account. (*Id.*) Zhang operates an Ebay online store selling rifle accessories and electronic products. (*Id.*) Zhang states that he lent the owner of Tinachen his PayPal account as a personal favor but that his individual business activities are not related in any fashion to the underlying litigation. (*Id*.) In addition to the amount frozen in his PayPal account, Zhang claims he is unable to conduct sales on his Ebay account due to the TRO. (*Id.*) As a result, Zhang alleges that he has suffered a loss of approximately $6,800 in Ebay business revenue. (*Id*.)

Zhang moves to intervene in this action filed by Chrome Hearts against the Defendant Internet Stores on the above bases, claiming that his property interest in his PayPal account is affected by this lawsuit. On May 5, 2015, an attorney filed an appearance on behalf of Zhang, the alleged owner of the "greenapple-pie@hotmail.com" e-mail account. (Dkt. No. 32 at 1.) This Court granted Zhang leave to file a motion to intervene on May 7, 2015. (Dkt. No. 34 at 1.) On May 18, 2015, Zhang filed his Motion to Intervene arguing intervention as of right under Rule

24(a) or alternatively permissive intervention under Rule 24(b). (Dkt. No. 44; Dkt. No. 46.) Zhang's attorney withdrew from representing him on September 1, 2015. (Dkt. No. 110.) For the reasons set forth below, the Court denies Zhang's motion.

**DISCUSSION**

As a threshold matter, the Court finds that Zhang's Motion to Intervene is properly pled under Rule 24(c) despite Chrome Hearts' objection. Rule 24(c) requires that a Motion to Intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Zhang's Motion to Intervene provides a claim setting forth his right to intervene in this case. In addition, although Chrome Hearts correctly states that this Court found it likely to succeed on its *prima facie* case, that finding is limited to the named Defendant Internet Stores. Although properly pled, however, Zhang's Motion to Intervene is denied for the reasons set forth below.

**I.      Intervention as of Right under Rule 24(a)**

A party seeking to intervene as of right must satisfy four requirements: (1) the motion to intervene must be timely; (2) the party seeking to intervene must claim an interest related to the subject matter of the action; (3) the party seeking to intervene must be so situated that the disposition of this action threatens to impair or impede the party's ability to protect that interest; and (4) the existing parties must not be adequate representatives of the movant's interest. Fed. R. Civ. P. 24(a); *see also Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). A court may deny a motion to intervene if the movant fails to establish any one of these requirements. *Id.*

**A.      Timeliness**

The timeliness requirement is a flexible one and is determined by considering the totality of the circumstances, leaving much to the sound discretion of the Court. *See Shea v. Angulo,* 19

F.3d 343, 348-49 (7th Cir. 1994); *Zurich Capital Markets, Inc. v. Coglianese,* 236 F.R.D. 379, 383 (N.D. Ill. 2006) (St. Eve, J.) ("Determining whether a motion for intervention is timely is 'committed to the sound discretion of the district judge.' ") (quoting *South v. Rowe,* 759 F.2d 610, 612 (7th Cir. 1985)). The test for evaluating timeliness essentially sets out a reasonableness standard; potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights and act promptly in response. *See Heartwood, Inc. v. U.S. Forest Service, Inc.,* 316 F.3d 694, 701 (7th Cir. 2003). Here, the Court finds that Zhang's Motion to Intervene was made within a reasonable period of time. Chrome Hearts filed this lawsuit on April 21, 2015. (Dkt. No. 52 at 4.) After PayPal froze his account on April 27, 2015, Zhang sought representation in the United States and retained counsel on May 5, 2015. (Dkt. No. 32 at 1.) Zhang and filed his Motion to Intervene shortly thereafter on May 18, 2015. (Dkt. No. 44; Dkt. No. 46.) Chrome Hearts does not suggest that Zhang, by exercising reasonable diligence, should have learned of this suit earlier. As a result, Zhang acted with appropriate timeliness. *See Nissei Sangyo America, Ltd. v. U.S.*, 31 F.3d 435, 439 (7th Cir. 1994) ("given . . . the complexity of finding counsel to intervene in a case nearly halfway around the globe, three months does not seem to us to be an unreasonable length of time in which to accomplish this task."). The Court therefore does not deny Zhang's motion on timeliness grounds.

B.     **Interest Related to the Subject Matter of the Underlying Claim**

However, the Court denies Zhang's Motion to Intervene because he fails to show a "direct, significant, and legally protectable" interest in the subject matter at issue in this lawsuit. *See Wis. Educ. Ass'n Council v. Walker,* 705 F.3d 640, 658 (7th Cir. 2013). The Court considers "the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *See, e.g.*, *Hanover Ins. Co. v. L & K Development,* No. 12 C 6617, 2013 WL

1283823, at *2 (N.D. Ill. Mar. 25, 2013) (quoting *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995)). Zhang alleges that even though he (1) is not related to the trademark infringement claims and (2) unequivocally denies any involvement in the underlying suit, he has a substantial interest in the litigation because the money in the frozen PayPal account belongs to him. (Dkt. No. 45; Dkt. No. 47.) But a third party who attempts to intervene because he has some outstanding monetary claim against one of the parties properly in the case has nothing more than a " 'betting' interest in the outcome of [the] case." *Reich,* 64 F.3d at 322.

Zhang's motion fails because he does not demonstrate the requisite direct interest in the substantive outcome of any of the trademark issues in this litigation. Even accepting the Zhang's specious argument that he lent his PayPal account to a Defendant Internet Store, Zhang's interest is entirely contingent upon Tinachen prevailing against Chrome Hearts. If Tinachen is unsuccessful, then Zhang contends that he will be unable to recover the money in his PayPal account. He therefore possesses the very sort of betting interest in the outcome of a case for which Rule 24(a) does not permit intervention. *See Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) ("the fact that you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit – maybe you're a creditor of one of them – does not entitle you to intervene in their suit"). Zhang's interest has little to do with the trademark infringement claims raised by Chrome Hearts. The question of the ownership of a PayPal account is tangential to the underlying dispute here and is better addressed through direct action by Zhang against Tinachen in another forum. *See, e.g.*, *Manolo Blahnik Int'l Ltd. v. The Partnerships and Unincorporated Ass'ns Identified on Schedule "A"*, No. 14 CV 9752, Dkt. No. 75 at 4 (Coleman, J.) ("it seems that [the proposed intervenors'] claims are better directed toward the individuals in China to whom they lent their PayPal accounts and who allegedly used those accounts for illicit

5

purposes"). Because Zhang has no legal interest in the ultimate disposition of the trademark infringement claims, the Court denies his Motion to Intervene.

## C.     Ability to Protect Interest

Zhang similarly fails to satisfy this factor. An intervenor must also show that disposition of the underlying action may impair the intervenor's ability to protect its interest in the litigation. *Reich*, 64 F.3d at 321-322. "Impairment exists when the decision of a legal question . . . would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *Shea v. Angulo,* 19 F.3d 343, 347 (7th Cir. 1994). That is not the case here because a finding against Tinachen on Chrome Hearts' trademark infringement claims would not inhibit Zhang from filing an action against her to reclaim his alleged property interest in the PayPal funds. Because Zhang has alternative avenues to resolve his separate issues with Tinachen, his interests are not impaired by the adjudication of this case. The Court denies Zhang's Motion to Intervene for failure to satisfy this ground as well.

## D.     Adequate Representation of Interests

Finally, intervenors must show that the existing parties to the action do not adequately represent their interests. *See* Fed. R. Civ. P. 24(a)(2). While the Defendant Internet Stores likely are inadequate representatives of Zhang's interests, this is more a reflection of Zhang's lack of interest in the subject matter of the claim at issue here than anything else. Zhang is not attempting to respond to any of the allegations brought forward by Chrome Hearts, in fact, he unambiguously denies any involvement in the underlying claims whatsoever. Nor is Zhang attempting to defend the fundamental trademark infringement claims levied against Tinachen. Rather, Zhang's interests lie in the alleged improper use of his PayPal account. Zhang's arguments and evidence will therefore be entirely unrelated to the alleged illegal activity by the

Defendant Internet Stores. This separation again stems from the fact that Zhang does not have a direct interest in Chrome Hearts' trademark infringement suit. To resolve his PayPal account issue, Zhang's claim is better suited as a separate action against Tinachen.

Because Zhang does not have a direct interest in this case that will be impaired if he does not intervene, intervention as of right is not appropriate under Rule 24(a).

## II.     Permissive Intervention under Rule 24(b)

Zhang alternatively seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b). Even when intervention as of right is not available, courts may still exercise their discretion to allow permissive intervention under Rule 24(b). *See Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). Permissive intervention is appropriate only when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts also consider whether the permissive intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Vollmer v. Publishers Clearing House*, 248 F.3d 698, 707 (7th Cir. 2001).

Zhang argues that he shares a common question of law and fact with the Defendant Internet Stores because he is being held accountable for the alleged trademark infringing activities. However, for the same reasons as set forth above, Zhang does not share a common question of law or fact with the main action. The underlying questions of law and fact in this case revolve around trademark infringement claims, not a property issue concerning a PayPal account. As a result, the Court, in its discretion, does not believe that intervention would be appropriate under Rule 24(b) and denies Zhang's requests.

## **CONCLUSION**

For the reasons stated above, the Court denies Zhang's Motion to Intervene.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 9/9/2015